IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HALIE BUSH, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF K.S., DECEASED | §<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____ |
| VS. | §<br>§<br>§ | JURY REQUESTED |
| FORD MOTOR COMPANY | §<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Halie Bush, Individually and as Representative of the Estate of K.S., Deceased, files this her Original Complaint against Defendant Ford Motor Company and, in support of her causes of action, would respectfully show the following:

### I.
### PARTIES

1.1     Plaintiff Halie Bush is the natural surviving mother of K.S., Deceased.  Ms. Bush is and was a resident and citizen of the State of Texas and the Eastern District of Texas at all times relevant to this action.

1.2     Defendant Ford Motor Company is a Delaware for-profit corporation with its principal place of business in Michigan.  Ford Motor Company ("Ford") may be served with process through its registered agent in Texas, CT Corp System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

1.3     There are no known responsible third parties to this action as that term is defined by TEX. CIV. P. & REM. CODE § 33.011(6).

## II.
### JURISDICTION

2.1     This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) because this is a civil action between a plaintiff who is a citizen of Texas, and a defendant that is incorporated in, and has its principal place of business in, a state other than Texas, and the matter in controversy exceeds $75,000, exclusive of costs and interest.

2.2     This Court has personal jurisdiction over Ford because Ford engages in foreseeable, intentional, continuous, and/or systematic contacts within Texas, and specifically within the Eastern District of Texas, so that it has sufficient minimum contacts, both in general and with regard to this specific action, such that exercising jurisdiction over Ford does not violate Ford's right to due process or offend the traditional notions of fair play and substantial justice.

## III.
### VENUE

3.1     Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claim occurred in the Eastern District of Texas.

3.2     Venue is also proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b)(1) because Ford is a corporation that resides in this district pursuant to § 1391(d).

3.3     The United States Courthouse for the Eastern District of Texas, Marshall Division is located approximately 36 miles or less from the site of the incident made the basis of this action, and the United States Courthouse for the Eastern District of Texas,

Marshall Division is the closest Eastern District Courthouse to the site of the subject incident.

## IV.
### BACKGROUND FACTS

4.1    On or about November 2, 2013, Michael Sparks was operating his 2011 Ford F-150 (V.I.N. 1FTFW1EF6BFA78116) (the "subject vehicle") in the driveway of his home in Carthage, Texas, when he inadvertently backed over his 3-year old son, K.S.

4.2    As a result of this tragedy, K.S. suffered catastrophic injuries and later died from those injuries.

## V.
### CAUSES OF ACTION AGAINST DEFENDANT FORD MOTOR COMPANY

**A.    Strict Products Liability**

5.1    At all times material hereto, Defendant Ford Motor Company was in the business of designing, developing, and distributing automobiles, including vehicles such as the Ford F-150, and did design, develop, and distribute the subject vehicle.

5.2    Defendant Ford Motor Company is thus the "manufacturer" of the subject vehicle within the meaning of TEX. CIV. PRAC. & REM. CODE § 82.001(4), and is liable under the doctrine of strict products liability in tort for injuries produced by any defect in the subject vehicle arising out of the design of said vehicle.

5.3    The subject vehicle catastrophically injured and killed K.S. due to a defect in the design of said vehicle.

5.4    Specifically, the design of the subject vehicle's rearview visibility system was inadequate to protect against backover crashes involving children, persons with disabilities, the elderly, and other pedestrians located directly behind the subject vehicle, and particularly in the area 10 feet wide (five feet to either side of the subject

vehicle's centerline) and 20 feet deep (as measured from the subject vehicle's rear bumper) directly behind the subject vehicle, and thus rendered the vehicle unreasonably dangerous and defective, taking into consideration the utility of the subject vehicle and the risks involved in its use.

5.5     This design defect was present in the subject vehicle at the time it left the possession of Ford, and was a producing cause of K.S.'s catastrophic injuries and death, and Plaintiff's resulting damages.

5.6     At the time the subject vehicle left the possession of Ford, there were safer alternative designs other than the designs used in the subject vehicle that would have increased rearview visibility, particularly in regards to children, persons with disabilities, the elderly, and other pedestrians located directly behind the subject vehicle, particularly in the area 10 feet wide (five feet to either side of the subject vehicle's centerline) and 20 feet deep (as measured from the subject vehicle's rear bumper) directly behind the subject vehicle, and prevented or significantly reduced the risk of backover crashes including, but not limited to, a rearview video system with an in-vehicle visual display.

5.7     This alternative design was both economically and technologically feasible by the application of existing or reasonably achievable scientific knowledge at the time the subject vehicle left the control of Ford.

**B.      Negligence**

5.8     On the occasion in question, Ford, by and through its officers, employees, agents and representatives, committed acts of omission and commission, which collectively and severally constituted negligence.

5.9     These acts include, but are not limited to, the following:

a.   Designing the subject vehicle with inadequate rear-view visibility while the vehicle was placed in reverse, particularly in regards to children, persons with disabilities, the elderly, and other pedestrians located directly behind the subject vehicle, and particularly in the area 10 feet wide (five feet to either side of the subject vehicle's centerline) and 20 feet deep (as measured from the subject vehicle's rear bumper) directly behind the subject vehicle;

b.   Failing to adequately test the subject vehicle's rear-view visibility, particularly in regards to children, persons with disabilities, the elderly, and other pedestrians located directly behind the subject vehicle, and particularly in the area 10 feet wide (five feet to either side of the subject vehicle's centerline) and 20 feet deep (as measured from the subject vehicle's rear bumper) directly behind the subject vehicle; and

c.   Failing to implement alternative designs in the subject vehicle that would have made the vehicle's rear-view visibility more robust while the vehicle was placed in reverse, particularly in regards to children, persons with disabilities, the elderly, and other pedestrians located directly behind the subject vehicle, and particularly in the area 10 feet wide (five feet to either side of the subject vehicle's centerline) and 20 feet deep (as measured from the subject vehicle's rear bumper) directly behind the subject vehicle.

5.10    Plaintiff will show that these acts of omission and commission, when taken separately and/or together, constituted negligence as that term is understood at law.

5.11    Plaintiff will further show that the foregoing acts of negligence were proximate causes of K.S.'s catastrophic injuries and death, and Plaintiff's resulting damages.

### C.    Gross Negligence

5.12    During relevant times to this action, Defendant Ford Motor Company, through its vice principals, committed acts of omission and commission, which collectively and severally constituted gross negligence, particularly those acts described in 5.9(a)-(c) above.  Such gross negligence was a proximate cause of K.S.'s catastrophic injuries and death, and Plaintiff's resulting damages.

5.13    The wrong done by Defendant Ford Motor Company, particularly those acts described in 5.9(a)-(c) above, even after learning of, knowing, and/or realizing the potential for serious injury and/or death in backover crashes involving children, persons with disabilities, the elderly, and other pedestrians, was aggravated by the kind of gross negligence for which the law allows the imposition of exemplary damages.

5.14    Defendant Ford Motor Company's conduct, when viewed objectively from its standpoint at the time of its conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant Ford Motor Company was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

## VI.
### TEXAS CIVIL PRACTICE & REMEDIES CODE § 82.008

6.1    No mandatory safety standard or regulation adopted and promulgated by the federal government or an agency of the federal government was applicable to the subject vehicle at the time it was manufactured that governed any product risk that caused K.S.'s catastrophic injuries and death.

6.2    To the extent Ford attempts to rely on any standard(s) or regulation(s) of the federal government as a defense, Plaintiff hereby pleads that:

   a.    Such standard(s) or regulation(s) were inadequate to protect against the risk of the injuries that occurred in this incident; and/or

   b.    Ford withheld or misrepresented information to the government regarding the adequacy of the safety standard alleged to be at issue.

## VII.
### DAMAGES

**A.    Wrongful Death Damages**

7.1    As a direct and proximate result of the foregoing events, Halie Bush has suffered damages in the past, and will continue to suffer damages in the future, specifically with respect to the following elements of damages, each for which suit is now brought:

   a.    Loss of companionship and society; and

   b.    Mental anguish.

**B.    Survival Damages**

7.2    As a direct and proximate result of the foregoing events, the Estate of K.S. has suffered the following elements of damages:

   a.    Pain and mental anguish;

      b.      Medical expenses; and

      c.      Funeral and burial expenses.

**C.**    **Exemplary Damages**

7.3    As a result of the gross negligence committed by Defendant Ford Motor Company, Plaintiff seeks exemplary damages against Ford Motor Company in an amount deemed appropriate by the jury.

**D.**    **Interest**

7.4    Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VIII.
### CONDITIONS PRECEDENT

8.1    All conditions precedent to Plaintiff's rights to recover herein and to Ford's liability have been performed or have occurred.

## IX.
### JURY DEMAND

9.1    Plaintiff hereby timely files her request for a trial by jury pursuant to the Federal Rules of Civil Procedure.

## X.
### PRAYER

10.1    Plaintiff Halie Bush, Individually and as Representative of the Estate of K.S., Deceased, prays that Defendant Ford Motor Company be cited to appear and answer for its tortious conduct, that this case be set for trial, and that Plaintiff recovers a judgment of and from Ford Motor Company for actual damages in such amount as the evidence may show and the jury may determine to be proper, in addition to exemplary

damages, pre-judgment interest, post-judgment interest, costs, and all other and further

relief to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,


By:    /s/ Hunter Craft
       **J. Hunter Craft**
       Attorney-in-Charge
       State Bar No. 24012466
       **Rachel G. Candelet**
       State Bar No. 24065000
       2402 Dunlavy St., Suite 300
       Houston, Texas 77006
       Telephone:   713.225.0500
       Telefax:     713.225.0566
       Email:       hcraft@craftlawfirm.com
       Email:       rcandelet@craftlawfirm.com

       **John C. Ramsey**
       State Bar No. 24027762
       **Justin A. Hill**
       State Bar No. 24057902
       8584 Katy Freeway, Suite 105
       Houston, TX 77024
       Telephone:   713.489.7577
       Telefax:     888.858.1452
       Email:       john@rhlawgroup.com
       Email:       justin@rhlawgroup.com

       **Carl R. Roth**
       State Bar No. 17312000
       **Amanda A. Abraham**
       State Bar No. 24055077
       115 N. Wellington, Suite 200
       Marshall, Texas 75670
       Telephone:   903.935.1665
       Telefax:     903.935.1797
       Email:       cr@rothfirm.com
       Email:       aa@rothfirm.com

**OF COUNSEL:**
**CRAFT LAW FIRM, P.C.**
**THE ROTH LAW FIRM, P.C.**
**RAMSEY HILL LLP**

**ATTORNEYS FOR PLAINTIFF**